## P. H. GREENWOOD v. THE STATE. . ｝

1. A person who was a member of the grand jury by which an indictment was found is not a competent juror to try the case.
2. When an appeal in a criminal case is taken by a defendant, from the judgment of the district court, the sentence should await the mandate of the Supreme Court.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The indictment was for an assault with intent to murder.

The opinion of the court indicates the facts disclosed by the record, so far as they have any pertinency to the rulings.

*Blanton & Bagley*, for the appellant.

*Wm. Alexander*, Attorney General, for the State.

WALKER, J.—A grand juror of the panel who found a bill is not a competent person to try the case.

When an appeal is taken from the judgment of the district court, the sentence should await the mandate of the Supreme Court.

A new trial should have been granted, when it was made to appear that one of the grand jurors who found the bill had sat upon the traverse jury who tried the defendant.

The judgment of the district court is reversed, and the cause remanded.

Reversed and remanded.