LANGFORD *v.* STATE.

Opinion delivered March 20, 1911.

JURY—COMPETENCY OF JUSTICE OF THE PEACE.—Kirby's Digest, § 4537, pro-
viding that "whenever any juryman shall be presented for examina-
tion in impaneling any jury it shall be a ground of peremptory chal-
lenge that said juryman is a postmaster, justice of the peace or county
officer," means that it shall be ground for challenge that one pre-
sented for examination as to his qualifications as juror fills either
one of the positions mentioned.

Appeal from Pope Circuit Court; *J. H. Basham,* Judge;
reversed.

*J. T. Bullock, Brooks, Hays & Martin* and *Bullock & Davis,*
for appellant.

The juror Hanks, being a justice of the peace, was not sub-
ject to jury duty; the court therefore erred in overruling appel-
lant's challenge of him for cause, and in requiring appellant to
exhaust one of his peremptory challenges on him. Kirby's Dig.
§ 4537; 69 Ark. 449; *Id.* 323.

*Hal L. Norwood,* Attorney General, and *William H. Rector,*
assistant, for appellee.

Appellee confesses error as to retention of the juror Hanks
and requiring appellant to exhaust a peremptory challenge
upon him.

McCULLOCH, C. J. Ed Langford was convicted of the
crime of manslaughter, and appeals to this court.

One of the assignments of error relates to the ruling of the
court in overruling appellant's challenge of juror Hanks who
was a justice of the peace at the time he was impaneled. The
Attorney General confesses error on this assignment.

When the fact was disclosed, on the examination of this
juror, that he was a justice of the peace, appellant challenged him
for cause, and the court overruled the challenge. Appellant then
peremptorily challenged the juror, and thereafter, in impaneling
the jury, exhausted all of his peremptory challenges.

The statute provides that "whenever any juryman shall be
presented for examination in impaneling any jury, it shall be a
ground of peremptory challenge that said juryman is a postmas-
ter, justice of the peace or county officer." Kirby's Dig. § 4537.

This court, in construing the statute, said: "We construe this to mean that the fact that a justice of the peace is· a juror is cause for challenge. Of course, any juror can be peremptorily challenged; and unless the statute means that the fact that a juror is a justice of the peace is a disqualification if the defendant desires to avail himself of the fact, then it is meaningless non-sense." *Terrell* v. *State*, 69 Ark. 449.

There are other assignments of error relating to alleged dis-qualification of other jurors and to improper argument of counsel for the State; but as the error indicated above calls for a reversal, and the other matter may not occur at another trial. it is unnec-essary to pass on them.

Reversed and remanded.