HOLMAN AND COLLINS v. STATE.

Opinion delivered November 16, 1914.

CRIMINAL LAW—SELECTION OF JURY—BIAS.—Under Kirby's Digest, § 2363, which provides that a challenge in a criminal case for implied bias may be taken where the juror has served on the grand jury which found the indictment, it will be held to be prejudicial error for the trial court to require defendant to peremptorily challenge a venireman who served on the grand jury which indicted defendant when, before a jury was completed defendant exhausted all his peremptory challenges.

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed.

*C. H. Henderson* and *Witt & Schoonover,* for appellants.

The court erred in holding that the venireman Cravens was a competent juror. Kirby's Dig., § 2363; 12 Am. & Eng. Enc. of L. (1 ed.), 352; 31 Am. Digest, col. 603; 24 Cyc. 278; 102 Ark. 180; 69 Ark. 322; 91 Ark. 582; 98 Ark. 327.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

It was not error to hold Cravens to be competent. 43 Ark. 271-277; 10 Ia. 308; 226 U. S. 1; 108 Ark. 191.

KIRBY, J. Appellants were indicted for grand larceny alleged to have been committed by stealing a hog, the property of one Ed Denton. They were found guilty and from the judgment of conviction appealed. The cause was tried at the July, 1914, term of the circuit court and Levi Cravens was summoned as a special venireman and stated upon his *voir dire* that he had been a member of the grand jury which returned the indictment upon which the defendants were upon trial; that he was a member of the grand jury when the indictment was found and present in court when it was returned, but did not recall the testimony before that body and did not have an opinion and had never expressed an opinion as to the guilt or innocence of the defendants. The defendants thereupon challenged the said juror for implied bias because he had served on the grand jury which found the indictment. The court declared the juror competent over defendants' objections and exceptions and he was accepted by the State, and the defendants challenged him peremptorily. In the selection of the jury defendants exhausted all their peremptory challenges and were forced to take one W. H. Bennett as a juror whom they desired to excuse after their peremptory challenges were exhausted. The court's action in declaring the juror competent and compelling them to

challenge him peremptorily is insisted upon as error for reversal.

Our statute provides as particular causes for challenge of jurors actual and implied bias, and that a challenge for implied bias may be taken for "having served on the grand jury which found the indictment or on the coroner's jury which inquired into the death of the party whose death is the subject of the indictment." Section 2363, Kirby's Digest.

The court examined the juror as though he had been challenged for actual bias and declared him competent. It committed error in so doing. When the examination disclosed that the juror had served on the grand jury which found the indictment under which defendants were being tried, such service was a cause for challenge for implied bias, the proposed juror being, under the statute, conclusively presumed incompetent to try the case. In other words, it is not a question within the province of the trial court to determine the state of mind of the proposed juror to ascertain whether or not he can try the case impartially and without prejudice to the substantial rights of the party challenging him, when he is shown to have served on the grand jury which found the indictment. The law making power determined that. See, also, 24 Cyc. 278; 12 Am. & Eng. Enc. of Law, 352; 31 American Digest Cen., col. 603; *Greenwood* v. *State,* 34 Texas 334.

The defendants having exhausted their peremptory challenges before the completion of the jury, the said error necessitates a reversal of the case. *Caldwell* v. *State,* 69 Ark. 322; *York* v. *State,* 91 Ark. 582; *Langford* v. *State,* 98 Ark. 327.

The other errors complained of are not noticed as they may not occur upon the trial anew. For the error committed, the judgment is reversed and the cause remanded for new trial.