HANKINS v. STATE.

Opinion delivered May 10, 1915

1. JURIES—PEREMPTORY CHALLENGE—JUSTICE OF THE PEACE.—Under Kirby's Digest, § 4537, it is error for the court to overrule the challenge by defendant of a juror on the ground that he was a justice of the peace, when the challenge was made immediately after his cross-examination by defendant's counsel.

2. CRIMINAL LAW—EXPOSING POISON TO ANIMAL.—Under Kirby's Digest, § 1892, it is made a crime to administer poison to certain animals, and to maliciously expose poison with the intent that said animal shall swallow the same. *Held*, Exposing the poisonous substance with the intention that the animal shall get it, consitutes the offense of administering, if the animal does, in fact, get it.

3. ACTIONS—CIVIL AND CRIMINAL—MAY BE TRIED TOGETHER, WHEN.—There is no constitutional prohibition against the Legislature's authorizing the trial together of a civil action for damages and the criminal prosecution, when poison has been administered by the defendant to an animal belonging the the prosecuting witness, as provided in Kirby's Digest, § 1892.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; reversed.

*R. W. Baxter, C. S. Pool* and *E. E. Williams,* for appellant.

1. A justice of the peace is not a competent juror. 69 Ark. 449. Defendants peremptory challenges were exhausted. Kirby's Dig. § 2367; 69 Ark. 322.

2. Kirby's Dig. § 1892 embraces two crimes, one "knowingly administering" and the other "maliciously exposing" poison, etc. The court erred in its charge to the jury. 129 N. W. 234.

*Wm. L. Moose,* Attorney General and *Jno. P. Strsepey,* Assistant Attorney General, for appellee.

Confesses error in the selection of a justice of the peace as a juror. 98 Ark. 327; 69 *Id.* 449. Defendant's

peremptory challenges were exhausted. 69 Ark. 449-451.

McCULLOCH, C. J. Appellant is charged with the crime of administering poison to a certain horse named "Wattan", the property of one W. H. Shanks. The indictment charges that appellant knowingly administered strychnine to said horse, and was framed under the following statute:

"Every person who shall knowingly administer any poison to any horse, ass, mule or to any cattle, hog, sheep, goat or dog, or maliciously expose any poisonous substance with intent that the same shall be taken or swallowed by any of the aforesaid animals, shall on conviction be punished in the manner prescribed by law for feloniously stealing property of the value of the animal so poisoned; and the jury who shall try such case shall assess the amount of damages, if any actual damage has occurred, occasioned by such poisoning or intent to poison, and the court shall render judgment in favor of the party injured for threefold the amount so assessed by the jury." Kirby's Digest, § 1892.

The evidence adduced on the trial was mainly to establish circumstances which tended to show that appellant administered the poison to the horse and that the horse died from the effects of it. The owner found the horse dead in the stall when he went out to feed early in the morning, and there is sufficient testimony to connect the defendant circumstantially with the commission of the crime.

(1) In making up the trial jury, appellant exhausted all his peremptory challenges, and there are several assignments of error with respect to rulings of the court in passing on the competency of jurors. One of the veniremen disclosed the fact on his *voir dire* that he was a justice of the peace in the county at that time, and appellant challenged him peremptorily on that ground, but the court overruled the challenge for the alleged reason that appellant had failed to exercise his right of challenge before the attorney for the State passed on the juror.

It appears that the juror disclosed the fact that he was a justice of the peace when being cross-examined by appellant's counsel, and the question of his competency was duly challenged. We think that the challenge was exercised in apt time and that the court erred in disregarding it. *Langford* v. *State,* 98 Ark. 327. The Attorney General has confessed error on this point, and we are of the opinion that the confession is well founded. The statute provides that the fact that a "juryman is a postmaster, justice of the peace or county official" affords grounds for peremptory challenge. Kirby's Digest, § 4537. This error of the court calls for a reversal of the judgment.

There are many other assignments of error which need not be discussed for the reason that the same matters may not arise in the next trial.

(2)    There is one, however, which relates to the question of the correctness of an instruction of the court, and as that question may arise in the next trial we deem it proper to consider it. In instruction No. 8 the court told the jury that if appellant "placed strychnine poison in the place for the purpose of having "Wattan" to take it, and that "Wattam" did take it into his stomach, then you will find that defendant administered said strychnine to "Wattan." Objection was made to this instruction and the ruling of the court in giving it is now assigned as error. It is argued that the statute names two independent methods in which the offense may be committed, and that as the indictment charges the offense to have been committed in one of the prescribed modes, that of knowingly administering poison, it cannot be established by proving the other method, that of maliciously exposing the poison. Our conclusion is that the instruction given by the court was correct, for the placing of the poison where the horse could get it, and with intent that the horse should get it, constituted the offense of knowingly administering the poison if the horse in fact took the substance in his stomach. There are, indeed, two methods prescribed for committing the offense. The

first method, that of administering the poison, is not complete unless the animal takes it; but the other offense is complete when the poison is maliciously exposed with intent that the same shall be taken or swallowed by any of the animals mentioned, whether the poisonous substance is in fact taken by the animal or not. The two methods differ in that respect. But, after all, exposing the poisonous substance with the intention that the animal shall get it constituted the offense of administering if the animal does in fact get it. Counsel for appellant cited a decision of the Supreme Court of North Dakota (*State* v. *Hakon,* 129 N. W. 234) which sustains their contention, but we decline to take that view of the subject. The statute of North Dakota is very similar to our statute on the subject and the court, in the decision referred to, said that if exposing the poison was not prescribed as an independent method of committing the crime, then it would constitute administering poison, but that because of the fact that it did constitute an independent method it could not be considered as an element of the offense of administering the poison. The reasoning of the case does not appeal to us, for it seems clear to us that notwithstanding the fact that the statute makes the exposing of poison a crime, that may also constitute a part of the crime of administering and thus make out the crime if the animal gets the poison thus exposed with such intentions.

(3) It is also urged that it was improper for the court to permit damages to be awarded, notwithstanding the statute which expressly provides that "the jury who shall try such case shall assess the amount of damages, if any actual damages has occurred, occasioned by such poisoning or intent to poison." No reason is given in the argument why the Legislature cannot authorize the trial together of the civil action for damages and the criminal prosecution. We are aware of no constitutional prohibition against such procedure.

For the error of the court, however, in refusing to allow appellant to challenge the venireman who was a justice of the peace, the judgment is reversed and the cause remanded for a new trial.