Cole vs. Moore.

COLE vs. MOORE.

1. TAX SALES: *Purchase at, by county clerk, illegal. Owner, how far relieved in chancery.*

The county clerk being required by law to advertise delinquent lands for sale, to attend and make a record of the sales, and to issue certificates of purchase to the purchaser, and certificates of redemption to the owner when he redeems, and finally a deed to the purchaser' if it is not redeemed, is forbidden by public policy from purchasing at such sales. But the owner seeking relief in chancery will be required to refund to him the legal taxes, penalty and costs charged against the land, and interest from the date of sale; and also all subsequent taxes paid by him, and interest thereon from the dates of payment. The purchaser will also be entitled to receive from the officer having the custody of it, any excess above the taxes, etc., which he may have paid for the land.

2. TENDER: *When it stops interest.*

An unconditional tender, which is kept good, stops interest from the date of the tender.

Cole vs. Moore.

APPEAL from *White* Circuit Court in Chancery.
Hon. J. N. CYPERT, Circuit Judge.
*Coody*, for appellant.
*B. D. Turner and J. M. Moore, contra.*

ENGLISH, C. J.   The bill in this case was filed by Israel
M. Moore, on the chancery side of the circuit court of
White county, on the nineteenth of April, 1870, against
John A. Cole, and alleges in substance:

That at a sale of lands and town lots, for the non-pay-
ment of taxes for the year 1868, made in White county, on
the second of August, 1869, the time prescribed by law—
block No. one, in the town of Searcy, which then was
and still is the property of complainant, was offered for
sale for the aggregate sum of $19.70, for state, county,
convention, school and military taxes and penalty, besides
costs, and was struck off and sold to defendant, Cole, for
the sum of $100; and afterwards defendant, who is and
was at the time county clerk of said county, issued to
himself, as complainant supposes, a certificate of purchase
for said block.

That on the fifth day of March, 1870, complainant ap-
plied to defendant to redeem said block, and offered to pay
and tendered to him the whole amount said block sold
for, and the amount paid for his certificate of purchase,
and all other costs paid by him, and also interest on the
whole amount, at the rate of twenty-five per cent. per
annum from the date of sale, and also the fee allowed by
law for issuing the certificate of redemption, and the fee
for advertising said block; but defendant refused to
accept said offer, or to issue said certificate and allow com-
plainant to redeem, unless he would pay him what he had
paid for said block and one hundred per cent. thereon.

Complainant submits that it was contrary to public policy and the laws of the state for defendant, who was, and acted as, county clerk at the sale, to be in any way, either directly or indirectly, concerned or engaged in the purchase of any land at said sale, and that such purchase made by him was fraudulent and void, and should be set aside.

That by reason of the fraud of defendant in connection with said sale, and in the purchase of said block, he is not entitled, in law or equity, to any return for his purchase money for said block, or, if anything, to not more than the amount paid out by him; but if the court shall be of opinion that he is entitled to it, complainant is ready to pay him the entire amount paid out by him, with interest at the rate of twenty-five per cent. per annum, from the time of said sale to the date of the tender so made by complainant to him.

Prayer that said purchase by defendant be declared by the court to be void; that said sale be canceled, and for general relief.

Defendant answered, admitting that he purchased the block at the tax sale, for $100; that he was county clerk at the time, and issued a certificate of purchase to himself. Denies any fraud on his part in connection with the sale, and submits that, though clerk, he had the right to make the purchase, etc.

Admits that complainant offered to redeem, as alleged, and he refused to permit him to do so, unless complainant would pay him back the $100 purchase money, all costs, taxes paid by him on the block since the sale, with one hundred per cent. upon the amount so paid, with the addition of six per cent. per annum upon the original

purchase money, costs and taxes, and also the fee for issuing certificate of redemption, etc.

Denies that complainant made him an actual tender by counting out the money, etc. To the answer a demurrer to the bill is added.

The court sustained the demurrer for want of some formal allegation of the bill, which was amended by interlineation, and the answer and demurrer were made to apply to the bill as amended.

Two depositions were taken and read on the hearing, which proved the tender and refusal as alleged in the bill.

The court, upon the pleadings and depositions, decreed that the purchase of the block in controversy, at the tax sale by defendant was illegal and void,·and set aside and vacated the same, and defendant appealed.

I. The revenue act of twenty-third of July, 1868, under which and its supplements the block in question was, doubtless, sold for the taxes, etc., of 1868, allowed the owner to redeem from the purchaser, within one year from the sale, by paying twenty-five per centum penalty. *Acts of 1868, p. 277; Wolf v. Henderson, 28 Ark., 304; Pack v. Crawford, 29 Ark., 492.*

II. The court below did not err in deciding that appellant, who was county clerk at the time of the tax sale, could not become a purchaser at the sale. It was his duty to advertise delinquent lands for sale, to attend the sale and make a record of the lands and lots sold, the sums bid for them, the names of purchasers, etc.; to issue certificates of purchase, and certificates of redemption when lands or lots were redeemed, and finally to execute deeds to purchasers on failure of owners to redeem. *Act of twenty-third July, 1868*, and supplemental *Acts of nineteenth*

*February, 1869, and ninth March, 1869.* Having these and other important official duties to discharge relating to tax sales, and designated in the statutes, it is contrary to public policy for him to become a purchaser at such sales. *Livingston, ad., v. Cochran et al., 33 Ark., 295 ; West et al. v. Waddill et al., ib.; Chandler v. Moulton, 33 Vermont, 247 ; Mills v. Goodsell.*

III. But the court below erred in simply declaring the purchase of appellant at the tax sale to be invalid, and vacating it, requiring appellee to restore to appellant nothing.

Appellee states in his bill that the block was offered for sale for the aggregate sum of $19.70 for all taxes charged upon it, and penalty, besides costs. There is no allegation that any part of this sum was illegal or excessive. These taxes, etc., were justly due from him to the public. There was a lien in favor of the state upon the block for the sum so charged upon it, which is paramount to all other claims, and which he could not avoid or discharge otherwise than by paying it. It must be assumed in this case, that it was because of his failure to pay the taxes that the block was advertised as delinquent, and brought to a sale. Appellant, though forbidden by reason of public policy from becoming a bidder at the sale, nevertheless bid, and became the purchaser of the block for $100, which, it must be supposed in the absence of any allegation to the contrary, he paid to the collector, and thereby satisfied the amount due from appellee to the public, and discharged the lien of the state upon the property. Appellee applied to a court of chancery to set aside the sale, and the court granted the relief without terms—without requiring appellee to refund to appellant the amount for which the block was offered for sale, and which he should have paid, but failed to do so, and which appellant did pay on his bid.

Cole vs. Moore.

It has been decided by this court that where the owner of land sold for taxes files a bill against the purchaser to set aside the sale, though the sale be held illegal and void, the owner must be required to refund to the purchaser the amount of the taxes, etc., paid by him, with interest, and also taxes paid subsequent to the sale, with interest, etc. *Twombly v. Kimbrough, 24 Ark., 459.*

Appellee was more liberal in his tender before the suit than he need have been. He tendered to appellant not only the $100 bid by him at the sale, costs, etc., but a penalty of 25 per cent. thereon, which was the amount of penalty allowed by the statute, under which the sale was made, to purchasers having the right to bid at such sales. But a court of equity will not permit appellant to speculate upon a bid and purchase which he was forbidden by public policy to make.

The court below should have required appellee to refund to appellant the amount of the taxes, penalty and costs charged upon the block at the time of the sale, with interest; and if appellant had paid any subsequent taxes upon the block, not paid by appellee, the amount paid, with interest from the date of payment, should have been decreed to him.

But the further question arises: Should appellee have been required to refund to appellant, or bring into court, the whole of the $100 bid by him for the block, with interest, or only so much thereof as went to discharge the taxes, penalty and costs, which were a charge upon the block when it was offered for sale?

By the act of the twenty-third of July, 1868, the collector was required to offer each tract of land or town lot for sale to the bidder who would pay the taxes, penalty and costs charged thereon, for the least quantity thereof, as had

been the mode of selling under previous statutes. But by the supplemental act of the nineteenth of February, 1869, he was required to offer for sale the whole of each tract or lot to the highest bidder, but where several tracts or lots were taxed to any person, and one or more of them sold for a sum sufficient to pay the taxes, etc., charged on all of them, no further sale could be made. *Pack v. Crawford et al.*, *29 Ark.*, *493.*

In this case, a single block was sold, and, it seems, bid off at about $80 in excess of the taxes and penalty charged upon it. The amount of the costs is not shown by the bill.

Section 17 of the act of the nineteenth of February, 1869, provided that:

" Should any tract, lot or part of lot, so advertised as aforesaid, sell for more than the amount due thereon for taxes, penalty and costs, the excess shall be by the collector paid into the state treasury, and placed to the credit of the person in whose name the tract of land, lot or part of lot, was advertised for sale; *Provided*, he or she be a non-resident, and the person or persons entitled to such excess, upon making the proper showing to the auditor of state, shall be entitled to a warrant on the treasurer therefor, and said auditor is hereby required to draw such warrant when satisfactory evidence has been produced to him."

This section seems to provide for payment of the excess into the state treasury in cases only where the lands or lots were advertised in the name of non-residents. It is silent as to what disposition the collector should make of the excess where the land or lot was advertised in the name of a resident.

Whether the block in controversy was advertised in the name of a resident, or non-resident, does not appear from the pleadings in this case.

Cole vs. Moore.

But by section 129 of the act of April 8, 1869 (which repealed the act of July 23, 1868, and its supplements, but required the taxes of 1868 to be collected under them), the collector was required to deposit such excess in the state treasury, to the credit of the person in whose name a tract or lot was advertised, regardless of residence.

Whether the collector deposited the excess in this case in the state treasury under either act, does not appear from the pleadings.

But no matter where it was deposited, if appellee had applied for, and accepted the excess, it might perhaps have been treated as an affirmance by him of the sale.

As appellant thought proper to venture his money on a bid which the law of public policy forbid him to make, it is but reasonable that the decree should leave him to hunt up and obtain the excess; but appellee should be required to relinquish to him all claim upon it, and he, or the decree, should vest in appellant authority to collect it from any public officer who may be its custodian.

IV. Appellee made an excessive tender before suit. The effect of the tender was to stop interest if kept good. But in the bill he made no unconditional offer to pay appellant, or bring into court any sum. He submitted that appellant was entitled to nothing, and offered to make his tender before suit good, if the court should hold him obliged to do so, thereby inviting a litigation which has been protracted for many years.

We think, therefore, that it is but just and equitable that he should be required to refund to appellant the amount of taxes, penalty and costs, charged upon the block at the time it was offered for sale, with interest at 6 per cent. thereon from the date of the sale. See *Hamlett v. Tallman et al., 30 Ark., 511.*

V. The court was right in setting aside the sale, but erred in doing so without terms.

The decree for this error must be reversed, and the cause remanded, with instructions to the court below to ascertain by its master, or otherwise, the sum due from appellee to appellant, in accordance with the above rulings, and to render a decree setting aside and vacating the tax sale, and vesting the excess of purchase money in appellant as above indicated, upon appellee paying to appellant, or bringing into court, the sum found due from appellee to him.

In taking the account, if it is found that appellant paid the taxes, penalty and costs, in depreciated scrips, or warrants, he will be allowed their money value only.