KELLY v. KEITH.

Opinion delivered December 23, 1907.

1.  APPEAL—ABANDONMENT.—Where, after appealing from a judgment, the plaintiff concluded to accept a tender which defendant had made, and filed a supplemental complaint in the lower court to require defendant to make the tender good, the filing of the supplemental complaint was an abandonment of the appeal. (Page 32.)

2.  TENDER—EFFECT OF FAILURE TO KEEP GOOD.—Notwithstanding a creditor refuses a valid tender, if he subsequently demands payment, and the debtor fails to pay, the tender has not been kept good. and the creditor is entitled to recover the amount of the tender, with interest from the date of the tender and all costs incurred. (Page 32.)

Appeal from Hot Springs Chancery Court; *Alphonso Curl,* Chancellor; reversed.

*E. H. Vance, Jr.,* for appellant.

To be availing so as to stop accrual of interest and save costs, a tender must be followed up, and the money brought into court. Not only so, but the tender must be kept good, in money, and the burden of proof is on the one alleging the tender to show that he has kept it good. 30 Ark. 505; 38 Ark. 329; Hunt on Tender, § § 352, 513, 514. See, also, *Id.* § § 517 and 481.

*Duffie & Duffie,* for appellee.

1. This was a suit for specific performance of a contract, the defense to which was a denial of the obligation and of the right to enforce performance. The tender of the money was therefore unnecessary. 42 S. W. 86; 68 Ark. 521.

It is undisputed that the money was offered to the clerk, who preferred that it remain in the bank, and that it was so placed, subject to the check of the clerk. Where the court fails to designate a depository, the clerk may do so. Kirby's Dig. § 6362; 50 S. W. 855. A tender is kept good, although no money is paid to the clerk of the court in pursuance thereof, where this is because the clerk prefers a certificate of deposit, and where the money is at all times subject to his order and under his control. 21 Enc. of Pl. & Pr. 579. The clerk's receipt for the deposit is conclusive, and he is estopped to deny its recitals. *Id.* 578.

2. Having prosecuted an appeal, appellant is not entitled to interest on the amount of the tender. 9 Enc. Pl. & Pr. 748, 753; 21 *Id.* 577, note 3.

BATTLE, J. The facts in this case are stated in *Kelly v. Keith,* 77 Ark. 31. In that case Keith was required by an order of the chancery court of Hot Springs County, in which the suit was pending, to pay into court the amount tendered by him to Kelly. He took a receipt from John C. Ross, clerk of the Hot Springs Chancery Court, for $350, with interest thereon from March 18, 1901, to December 18, 1901, at the rate of six per cent. per annum, amounting to $365.75, the same being the amount tendered. Ross testified that no money was actually

paid to him; that he gave the receipt because he "knew that Keith's word to him was perfectly good". Keith and T. R. McHenry testified that an arrangement was made with the Bank of Malvern by which it was understood that the amount receipted for would be paid to Ross on his check. Ross went out of office, and J. E. Young succeeded him. No money or check was received from Ross by Young. After the appeal was taken to this court, and during its pendency Mrs. Kelly, the appellant, concluded to abandon the appeal and take the money, and demanded it of the clerk, Young; and he failed to pay it, saying that none had been paid to him for her, which was true. She then filed a supplemental complaint in the original suit asking for a judgment for $365.75, and six per cent. per annum interest from December 11, 1902, the date of Ross's receipt, and for her costs. Upon the hearing of the cause the court dismissed the supplemental complaint, and plaintiff appealed.

The filing of the supplemental complaint was an abandonment of the appeal. The appellee was entitled to a dismissal. Kirby's Dig. § 1228; *Bolen* v. *Cumby*, 53 Ark. 514. His failure to move the dismissal was a waiver of the right.

After a tender is duly made it must, to preserve its legal effect, be kept good. *Schearff* v. *Dodge*, 33 Ark. 340, 347; *Cole* v. *Moore*, 34 Ark. 582, 589; *Bissell* v. *Heyward*, 96 U. S. 587; 3 Page on Contracts, § 1427; 28 Enc. of Am. & Eng. Law (2d Ed.), pages 38, 41, cases cited.

"Notwithstanding the refusal of a valid tender, if the creditor subsequently demands payment, and the debtor fails to pay, the tender has not been kept good; and the debtor loses the benefit of the tender." 28 Enc. Am. & Eng. Law (2d Ed), page 41 and cases cited.

In this case Mrs. Kelly made demand upon Young, the clerk to whom the money should have been paid, to make good the tender, and he failed to do so. He was constituted the agent for that purpose. His failure made the tender of no effect; Keith having failed to supply him with the funds. The consequence is, Mrs. Kelly is entitled to recover the $365.75 and six per cent. per annum interest thereon from the 11th of December, 1902, the date of the clerk's receipt, less whatever amount has been paid thereon, and for all her costs.

Reverse and remand with directions to the court to enter a decree in accordance with this opinion.