### SENTER v. GREER.

Opinion delivered December 18, 1911.

TAXATION—PRESUMPTION IN FAVOR OF TAX DEED.—A tax deed executed by the county clerk is *prima facie* evidence of title, and is sufficient, in the absence of any controverting testimony, to warrant a court in confirming the title in the grantee.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor, affirmed.

*J. N. Rachels,* for appellant.

*S. Brundidge,* for appellee.

WOOD, J. On December 11, 1907, the White Chancery Court rendered a decree confirming an alleged tax title of appellee to the lands in controversy. The decree was sought and obtained under the provisions of Kirby's Digest, §§ 661 to 675 inclusive.

On June 15, 1909, the appellant moved to have the case re-tried. The court granted the motion, and appellant filed an answer, in which among other things he sets up that the tax deed under which appellee claimed was void for the reason among other things that John A. Cole, the purchaser at the tax sale, was the same J. A. Cole, the clerk of the county, who made the sale and executed the tax deed, and that said

sale was void under the decision of this court, as held in the case of *Cole* v. *Moore*, 34 Ark. 582.

The appellee exhibited his complaint and a copy of the deed from J. A. Cole, the clerk of White County, to the purchaser, appellee herein.

The decree herein recites that the cause "is submitted upon the complaint with the exhibits thereto, depositions of witnesses and record evidence," etc. The court again rendered a decree confirming and quieting the title in appellee. The deed of the clerk of the county court, executed substantially as the statute requires, was *prima facie* evidence of title (section 7104, Kirby's Digest), and was sufficient, in the absence of evidence showing that the tax sale was void, to warrant a court in confirming the title in appellee.

The appellant alleged matters in its answer which, if proved would have avoided this title, but he failed to introduce any evidence to sustain the allegations of his answer in this regard, therefore he fails to show that there was any error in the decree of the court.

Appellant contends that the allegations of his answer showing that the sale was fraudulent and void for the reasons therein stated were not denied by the appellee, and that therefore these allegations should be taken as true, but the allegations of appellant's answer do not constitute a counterclaim or setoff under section 6008 of Kirby's Digest, and therefore no reply was necessary.

The appellant does not anywhere question the mesne conveyances from Cole to appellee.

The decree of the court is therefore correct, and its judgment is affirmed.