BOYNTON LAND & LUMBER COMPANY v. HAWKINS.

Opinion delivered February 28, 1916.

COSTS—ACTION IN EJECTMENT.—Plaintiff sued defendant in ejectment to recover 160 acres of land, defendant answered, denying plaintiff's ownership. On the day of trial defendant acknowledged plaintiff's title to all but 5.72 acres, and judgment was rendered in plaintiff's favor for all the land except the 5.72 acres noted. *Held*, all the costs were assessable against the defendant.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver*, Judge; reversed.

*Lamb & Rhodes* and *Frank H. Sullivan*, for appellant.

This was an action at law and the liability for costs is controlled by statute. Kirby's Digest, § 965; 46 Ark. 552. A plaintiff in ejectment who recovers part only of the property sued for, is entitled to his costs. 35 Kans. 46; 116 N. C. 843; 117 *Id.* 13; 150 Pa. St. 516; 83 Tex. 355; 144 Cal. 430; 15 Ore. 484; 49 *Id.* 324; 210 Fed. 604; 131 *Id.* 989.

No brief filed for appellee.

HART, J. The Boynton Land and Lumber Company sued W. R. Hawkins in ejectment to recover 160 acres of land in Mississippi County, Arkansas. The defendant filed an answer in which he denied that the plaintiff was the owner of, or entitled to the possession of the land sued for, and denied the execution of any of the deeds mentioned in plaintiff's complaint. He also alleged that he had been in adverse possession of a small part of the lands for more than seven years prior to the institution of the action. On the day the case was called for trial

the defendant admitted in open court that the plaintiff had title to all of the lands sued for except the portion he claimed title to by adverse possession. The issue as to this land was submitted to the jury which returned a verdict in favor of the defendant for 5.72 acres. Thereupon judgment was rendered by the court in favor of the plaintiff for all the land sued for except 5.72 acres; and as to this tract judgment was rendered in favor of the defendant. The court also rendered judgment for costs against the plaintiff. The plaintiff filed a motion to retax costs and the court overruled it. The case is here on appeal.

The right to recover costs did not exist at common law but rests upon statute alone. In actions at law the costs generally go to the prevailing party, and, under such statutes the costs follow the judgment. It is well settled in this State that a plaintiff in ejectment must rely upon his own title and not upon the weakness of the title of his adversary. This proposition has been decided so frequently that no citation of authority to support it is necessary.

It will be observed that the plaintiff sued for 160 acres of land. If the defendant had disclaimed as to the interest in the land in which he was not entitled, he would, under our statutes, have been entitled to costs. See Kirby's Digest, § § 965, 966. The defendant, however, denied that the plaintiff was the owner of the land sued for or that he was entitled to the possession of it. He further alleged that he was entitled to a small part of the land by adverse possession, and the verdict of the jury was in his favor for the land claimed by him adversely. If he had disclaimed in the beginning as to all of the land in controversy except the 5.72 acres which was awarded him he would have been entitled to recover costs which accrued after that time. However, he did not enter a disclaimer as to the remainder of the land until the day of trial. The record shows that the case was tried

on the day it was called for trial. All of the costs had accrued at that time. Therefore the court should have adjudged costs against the defendant; and for the error in not doing so the judgment will be reversed and the cause remanded with directions to the court below to tax the costs against the defendant.