## King v. Boles.

### Opinion delivered May 8, 1916.

Bills and notes—tender of principal and interest—liability for further interest and costs.—Payments by a debtor are good, whether the payments are endorsed on the back of the note or not, and when thereafter the debtor tendered the balance of the principal due, with interest thereon, and kept the tender good, his act discharged the accrued interest after that time, and he is not liable for costs in an action to collect the debt.

Appeal from Washington Chancery Court; *T. H. Humphreys*, Chancellor; reversed.

*McDonald & Grabiel*, for appellants.

1. A lawful tender of principal and interest was made and kept good. This stopped the interest and the costs should have been adjudged against plaintiff. 4 Ark. 251; 17 *Id.* 648; 37 *Id.* 110; 30 *Id.* 505; 31 *Id.* 429; 34 *Id.* 582; 83 *Id.* 484; 93 *Id.* 497; 96 *Id.* 156; 68 *Id.* 505, 521.

2. Payment to the agent, Jones, was payment to plaintiff. It was her duty to make the endorsement of

payment on the note. 5 Ark. 558. The mortgage should have been satisfied in full and the costs adjudged against the plaintiff.

*E. P. Watson,* for appellee.

1. The proof does not warrant the finding and decree that King paid the $275.00.

2. Jones had no authority to accept payment under the power of attorney. 45 Minn. 121; 8 Wend. (N. Y.) 49; 22 Minn. 287; 16 Gray (Mass.) 60. A person dealing with an agent is chargeable with notice of the contents of the power under which he acts. 23 Wendel 260; 5 John (N. Y.) 58; 74 Ark. 557; 55 *Id.* 627; 103 N. Y. 472; 31 Cyc. 1336; 128 Fed. 243; 1 A. & E. 985, and note 2. Jones was not a general agent and not authorized to collect. 65 Ark. 385; 68 N. Y. 130; 50 *Id* 410; 13 East. 432; 89 Ga. 223; 31 Cyc. 1373-4-5; 42 Am. Rep. 771; 77 Am. St. 630, etc.

HART, J. Clementine Boles instituted this action in the chancery court against W. R. King and Bessie King, his wife, to recover judgment on a promissory note for $375.00, and to foreclose a mortgage on their homestead in the city of Fayetteville, Washington County, Arkansas, given to secure the note. The defendants filed an answer, setting up that they had paid the note in suit. They further alleged that after this note had been paid, they borrowed $100.00 from the plaintiff. They alleged that prior to the institution of this action, they had tendered an amount equal to the principal and interest of the amount last borrowed, to the plaintiff and she had refused to accept the tender. Counsel for plaintiff admitted that she had refused to accept the tender and that the tender had been kept good. The facts are as follows:

The plaintiff, Mrs. Clementine Boles, made Theo. F. Jones her attorney in fact to lend her money for her. A written power of attorney was executed by her, which is as follows: "Know all men by these presents: that I, Mrs. Clementine Boles, of Washington County, State of

Arkansas, have made, constituted and appointed, and by these presents do make, constitute and appoint Theo. F. Jones, Jr., of Fayetteville, Washington County, Arkansas, as my true and lawful attorney, for me and in my name, place and stead to negotiate and make loans, same to be secured by a mortgage or mortgages on unencumbered real estate, to furnish or cause to be furnished, abstracts of title to any and all real estate so mortgaged, the borrower to pay all expenses of such abstract, writing mortgages, etc., and in my name to draw out of any bank or banks in Fayetteville, Arkansas, any money belonging to me in such bank or banks for the purpose of making such a loan or loans, and to pay taxes assessed against my property, to receive and collect any and all money due or owing to me, and to give receipts for the same, and to satisfy or enter a full release of any mortgage when the debt secured thereby to me shall have been fully paid, and to enter credit on the margins of the records of said mortgages when necessary so to do, to extend time for paying any note, endorsing such extension on back of any such note or notes.

"Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes, as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or substitute shall lawfully do or cause to be done by virtue hereof."

On June 24, 1912, Jones lent to W. R. King for Mrs. Boles, the sum of $225.00 evidenced by two promissory notes, one for $100.00 and the other for $125.00. King and his wife executed a mortgage to Mrs. Boles on certain town lots in the city of Fayetteville to secure the payment of the money borrowed. On July 19, 1912, Jones again lent King $375.00 and took his promissory note payable to Mrs. Boles for this amount. King and his wife executed a mortgage on their homestead in the city

of Fayetteville, Washington County, Arkansas, to secure this note. Before the notes became due, King sold part of the mortgaged property to Dr. J. P. Hight for the sum of $700.00. Jones, for Mrs. Boles, agreed that the money should be paid by Hight to King. King paid $637.50 of the purchase money to Jones. Hight purchased all the property embraced in the two mortgages except the homestead. Jones and Hight went to the clerk's office where the mortgages on the property purchased by Hight, were marked satisfied by Jones. Jones also marked the $100.00 note and the $125.00 note paid.

In regard to the payment, King testified as follows: When I paid Jones the $637.50 he put it in the safe. I then told him that I owed my employer and would like to borrow one hundred dollars to pay him. Jones agreed to lend it to me and turned around to get the $100.00 out of the safe. I agreed to secure it with a mortgage on our home. He marked paid, the $100.00 note and the $125.00 note, in my presence. He declined to cancel the $375.00 note and the mortgage given to secure it until I executed a new note and mortgage for the $100.00. On the left-hand margin of the $375.00 note he placed these words and figures: "12-24-12, paid $275.00 and interest to date." A number of times I offered to execute a note and mortgage for the $100.00 which I last borrowed and Jones kept putting me off on one pretext or another. I paid Jones $10.00, which was the first year's interest on the $100.00 loan.

Jones committed suicide, and it was ascertained that he misappropriated part of the funds which he had obtained from Mrs. Boles for the purpose of lending for her. After the death of Jones, King went to Mrs. Boles and told her that he had borrowed $100.00 of her money from Jones and that he was ready to pay it and the accrued interest to her. He made a tender to her of $110.00, which was a little more than the principal and interest due at the date of the tender. Mrs. Boles refused the tender upon the advice of her attorney, but it is admitted that

King kept the tender good. Mrs. Boles admitted executing the power of attorney, which is set forth above, but stated that she did not know that Jones had lent any of her money to King, or that he had collected any part of the loan. The chancellor found that Mrs. Boles, through her agent, Theo. F. Jones, Jr., on July 19, 1912, lent King the sum of $375.00 and that King and wife executed a mortgage to Mrs. Boles on his homestead to secure it; that on December 24, 1912, King paid to Jones, as agent of Mrs. Boles, the sum of $275.00, and the amount of interest due at that date. The court further found that the power of attorney given to Jones by Mrs. Boles was broad enough to authorize Jones to accept the payment made on the note and mortgage on December 24, 1912. The court further found that King, before the institution of the suit, had tendered to Mrs. Boles $110.00 in payment of the amount due by him to her and that she refused to accept the tender and that plaintiff kept the tender good in court at all times and at the date of the rendition of the decree tendered $110.00 in full settlement of the claim. The court was of the opinion that because King failed to take up the old note and mortgage and execute a new one and because he failed to have the $275.00 payment credited on the back of the note, and because he failed to have his payment of interest of December 24, 1913, endorsed on the back of the note, that he should be taxed with the costs and that he was liable for interest. Whereupon judgment was rendered in favor of the plaintiff against him for $117.80 principal and interest found to be due on the note sued on at the date of the rendition of the decree. The decree gave King ten days within which to pay this amount and the costs and in default of the payment, foreclosure of the mortgage was ordered. The decree provided for the cancellation of the mortgage upon the payment of the amount. The defendant, King, took an appeal to the Supreme Court and the plaintiff, Mrs. Boles, took a cross-appeal.

The finding of the chancellor was sustained by the evidence except on the question of tender. The defendant, King, made a tender of more than enough to pay the principal and interest due before this suit was commenced. It is admitted in the record by counsel for the plaintiff that the tender was kept good. This preserved the legal effect of the tender. *Abbott* v. *Herron,* 90 Ark. 206.

Under the evidence as disclosed by the record, the chancellor was justified in finding that King paid $275.00 and the accrued interest on December 24, 1912, on the $375.00 note. This left $100.00 due on that note. At the end of the year 1913, King testified that he paid Jones $10.00, which was the interest due at that time. In April, 1914, he tendered to Mrs. Boles the sum of $110.00. This was a little more than the balance due her, principal and interest. The court erred in taxing King with the costs and with interest, because he did not have the $275.00 credit entered on the back of the note and in failing to take up the old note and mortgage and in failing to have the interest payment of December 24, 1913, endorsed on the back of the note. The question was not whether he had the payments endorsed on the note, but whether or not he had made them. If he had made the payments he did not owe anything to the plaintiff except balance due, regardless of whether or not the payments made had been endorsed on the back of the note or not. When King made the payment to Mrs. Boles' agent, this constituted a settlement of that much of his debt, regardless of the fact whether it was credited on the note or not. So, when he tendered the amount of principal and interest before the institution of this suit and kept his tender good, this discharged the interest that accrued after that time and saved him from the costs of this action. The chancellor, therefore, should have decreed that the $110.00 be paid to the plaintiff and that the note and the mortgage on the homestead of King and his wife be cancelled.

On the cross-appeal but little need be said. The power of attorney is very broad and comprehensive and speaks for itself. Jones collected the $275.00 before it was due. It is contended by counsel for the plaintiff that he had no authority to receive payment of the note before its maturity because this amounted to a change of the terms of the contract and that the power or attorney did not give him such authority. We can not agree with counsel in this contention. The language of the power of attorney was sufficiently broad and comprehensive to enable the agent to use his own judgment about making and collecting the loans for his principal. He was given the authority to extend the time of payment and to do and perform all and every thing necessary to be done in regard to the loans. He was given general authority to receive and collect all money either due or owing to his principal.

Therefore, the finding of the chancellor that the power of attorney was broad enough to allow the agent to collect money owing to his principal before it fell due was correct. For the error indicated in charging the defendant with interest after the tender was made and with the costs of the action, the decree will be reversed and cause remanded with directions to the chancellor to enter a decree in accordance with this opinion.