DuVall *v.* Sparling.

4-4846

Opinion delivered December 6, 1937.

*C. Ramon DuVall,* for appellant.
*Witt & Witt,* for appellee.

Humphreys, J. This suit was brought by appellant against appellee in the municipal court of the city of Hot

Springs to recover damages in the sum of $75 on account of alleged misrepresentations made by appellee to appellant which induced him to pay $397 for a 1933 model Chevrolet coach automobile in installments of $25 cash and $25 on the 18th day of each month thereafter with 8 per cent. on deferred payments. The alleged misrepresentations were: first, that the car was in first class mechanical condition in every respect; second, that the total mileage that the car had been driven was 12,000 miles, which was the mileage recorded on the speedometer at that time. Appellant further alleged that the representations were false and fraudulently, willfully, maliciously and deceitfully made to induce appellant to purchase the car and that he (appellant) relied upon the truth of the representations in making the purchase.

Appellee filed an answer denying the material allegations of the complaint. Upon the trial of the cause in the municipal court appellant recovered a judgment against appellee for $40 from which judgment appellant duly prosecuted an appeal to the circuit court of Garland county where the case was tried to a jury upon the pleadings, evidence introduced by the parties and instructions of the court, resulting in a verdict and consequent judgment dismissing appellant's complaint, from which is this appeal.

Appellant testified in part that he was induced to buy the car through the representations that it was in first class mechanical condition and that the car had been driven only 12,000 miles as shown by the speedometer which reflected the accurate mileage; that in a few days after he purchased it the car began pumping oil and fouled the spark plugs and that he was compelled to have it repaired frequently; that about a month after he purchased it, he discovered from a work slip he found in a side pocket of the front door that the car had been run 16,415 miles eight months before he bought it; that he approached appellee with the evidence he had that the speedometer had been turned back and told him what mechanical defects he had discovered, and although appellee admitted having turned the speedometer back in order to get a better price for it, he refused to make any

allowance on the purchase price; that he tried to effect a settlement with appellee, but failed to make any settlement; that later on he offered to return the car to appellee, but he refused to take it; that he was damaged at least $75 on account of the mechanical defects which were not observable when he bought it and the misrepresentations relative to the mileage the car had been driven.

Appellee testified in part that he made no representations whatever to appellant concerning the mechanical condition of the car and did not tell him the car had been run only 12,000 miles or that the speedometer accurately showed the number of miles the car had been driven. On cross-examination he denied having turned the speedometer back, but, when pressed, he admitted that it had been turned back about 8,000 miles by another man at his request so that he could get a better break in selling it; that when appellant first complained to him about the mechanical defects and that it had been driven further than the speedometer reflected appellant did not offer the car back to him, but that he did offer it back about six months thereafter, at which time he refused to take it back.

The court, in instructing the jury, did so upon the theory that before appellant could recover he must show by a preponderance of the evidence that appellee misrepresented in words the mechanical condition of the car, and that the car had been driven only 12,000 miles. The instructions given by the court were susceptible of that construction, and, in order to clear up that ambiguity in the instructions, appellant requested the following instruction: "The court instructs the jury that it is not necessary for the false representations to be made by words; but these may be made by acts or by any artifice designed to mislead the buyer."

In view of the sharp conflict in the evidence as to whether misrepresentations were made, and, in view of the fact that appellee admitted having the speedometer turned back so that he could make a better sale, the court erred in not giving the requested instruction. This court said in the case of *Hunt* v. *Davis*, 98 Ark. 44, 135 S. W.

458, that: "In order to charge the seller with fraud, it must be shown that he has made an active attempt to deceive the buyer relative to some matter material to the contract, either by statements which he knew to be false or by acts, conduct, or representations which suppress the truth and induce in the buyer a false impression."

It is said in Blashfield's Cyclopedia of Automobile Law and Practice that: "It is not necessary that the false representations be made by words; they may be made by acts or any artifice designed to mislead. Accordingly, the selling of a repainted car as a new car may constitute fraud." Vol. 7, § 4231, p. 23.

In view of the fact that there is a conflict in the evidence as to what was said and done by and between appellant and appellee when he discovered the mechanical defects and the fact that the speedometer had been turned back, we think it was proper for the court to give an instruction as to the remedies appellant had. Appellant requested instruction number 4 as to the remedies to which he was entitled, which was refused by the court, which instruction is as follows:

"The court instructs the jury that when the plaintiff discovered the alleged fraud in this case he had a choice of three remedies: 1st, he could tender the car back to the seller and demand his money paid; 2d he could keep the car and sue in damages (which is what this plaintiff has done); and 3d, he could refuse to pay more on the car and offset his claim for damages against the balance owed. Now it is immaterial in this case as to whether or not the seller offered to retake the car, since the choice of remedies rested with the buyer."

This instruction should have been given so that the jury might understand that appellant had the right to pay and retain the car and then sue for the damages to which he was entitled, if any.

On account of the error in refusing to give the appellant's requested instructions numbers two and four, the judgment is reversed, and the cause is remanded for a new trial.