DuVall *v.* Witt, Judge.

4-5237

Opinion delivered July 11, 1938.

*C. Ramon DuVall,* for petitioner.

*Jay M. Rowland,* for respondent.

Smith, J. Petitioner, Du Vall, prays a writ of mandamus against the judge of the Garland circuit court, and as grounds therefor alleges the following facts.

He brought suit for damages arising out of the sale of an automobile by E. M. Sparling in the municipal court of Hot Springs, and recovered a judgment against Sparling for $40 damages and for costs. DuVall appealed from this judgment to the Garland circuit court, where, upon a trial in that court, there was a verdict and judgment in favor of Sparling. DuVall filed a motion for a new trial, which was granted. At the second trial in the circuit court there was again a verdict and judgment in favor of Sparling, from which judgment DuVall appealed to this court. In the opinion rendered by this court (December 6, 1937, 195 Ark. 1, 110 S. W. 2d 697) that judgment was reversed and the cause was remanded for a new trial. There was a judgment here in favor of the appellant DuVall for the costs of the appeal, with an order that he have execution therefor in accordance with the practice in such cases.

Upon the remand of the cause there was a third trial in the circuit court, which resulted in a verdict and judgment in favor of Sparling.

DuVall filed in the Garland circuit court a motion, which he designates as a "Motion to Retax Costs," which he alleges the presiding judge has failed and refused to pass upon.

Petitioner here alleges that upon the reversal above referred to "he became entitled to, not only, his costs expended in this court, but also the costs adjudged against him in the court below."

Petitioner states the question presented as follows: "Is the petitioner herein, who won a reversal in the Supreme Court, entitled to have the costs which have been assessed against him in the lower court, retaxed against the opposing party?"

Costs were taxed against him in all the trials in the circuit court, as he did not prevail in any of those trials.

The presiding judge has filed a response, in which he says that petitioner here filed in his court below "a motion asking the circuit court to give him the judgment against Sparling for all the costs in this action, in the municipal court, in the two trials in the circuit court, and in the reversal of the case in the Supreme Court. He says nothing about the last trial of the circuit court where the judgment again went against him."

The presiding judge expresses the opinion in his response that DuVall is entitled only to an execution for the costs upon the appeal to this court, and for those costs he may have an execution from the clerk of this court. There appears to be no controversy about the items of costs.

We think the writ should be denied. No judgment was rendered in this court for any costs except those accruing upon the appeal to this court. The other judgments of the circuit court have all assessed the costs of the respective trials against DuVall. The last judgment rendered was adverse to DuVall, and he has not perfected an appeal to this court, as he may do. But he may not finally prevail in the litigation. It may never be ad-

judged that he is entitled to recover damages and his costs as an incident thereto. Liability for the costs except for those upon the appeal to this court must abide the final decision of the case.

It is contemplated costs shall be paid as they are incurred, and the right to recover them is contingent upon the outcome of the litigation to which they were incident. In actions at law costs generally go to the prevailing party and follow the judgment. *Boynton Land & Lbr. Co.* v. *Hawkins,* 122 Ark. 374, 183 S. W. 959.

Petitioner has not established his right to recover any sum as damages, and until he has done so he cannot require his adversary to repay his costs, except the costs of the appeal to this court.

At § 605 of the chapter on costs in 15 C. J., page 245, it is said: "In many jurisdictions, if the whole merits of the case are fully and finally determined by the decision of the reviewing court, it will finally decide the controversy by giving such a judgment in favor of plaintiff in error or appellant as should have been given in the court below and will award him his costs in that court. But in these jurisdictions plaintiff in error or appellant is not entitled to costs in the court below, unless in addition to a reversal he obtains also by the decision of the court in error a final judgment in his favor."

Here there was no final determination of the litigation by the judgment of this court, and we, therefore, assessed against Sparling only the costs on the appeal. That judgment recites that he may "have execution thereof," and this he may have by applying to the clerk of this court therefor. But DuVall has no other judgment for costs upon which execution could issue. The last judgment rendered in this case in the court below assessed the trial costs against him.

The petition for the writ is, therefore, denied.

DONHAM, J., dissents.