POWELL *v.* STATE.

4972                                 335 S. W. 2d 816

Opinion delivered June 6, 1960.

*Clifton Bond,* for appellant.

*Bruce Bennett,* Atty. General by *Thorp Thomas,* Asst. Atty. General, for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a conviction for the violation of Liquor laws.

On October 7, 1958, appellant, John Powell, was arrested for the offenses of Possession of Intoxicating Liquors over the legal limit in a dry territory, and, Possession of Intoxicating Liquors for Sale without a license, alleged to have been committed on October 4, 1958. This appellant was tried before the Municipal Court of Monticello on October 9, 1958. The appellant pleaded not guilty and upon a hearing before the Monticello Municipal Court appellant was found guilty of the offense

of Possession of Intoxicating Liquors over the legal limit in a dry territory and fined $250, and was found guilty of the offense of Possession of Intoxicating Liquors for sale without a license and fined $250, or, was fined a total of $500 and costs, and was sentenced to one (1) year on the County Farm, with the sentence of imprisonment being upheld on good behavior.

The appellant appealed this decision to the Circuit Court of Drew County and a trial was had before a jury on September 30, 1959. The officers who made the arrest related in their testimony that at about 1:30 p.m. on October 4, 1958, the officers went to appellant's house located on State Highway 4, east of Monticello and outside the city limits, and that on arriving at the house two of the officers met appellant coming up the path to the house from an outside privy with 4 half pints of whiskey in his pockets and hands. These 4 half pints of whiskey were taken into possession by the officers and either one or both of the officers entered appellant's house to search for more whiskey while one of the officers out of the three officers present began to search the premises outside the house.

In a dresser drawer inside the house the officers found 12 additional half pints of whiskey which with the 4 half pints taken from appellant equalled exactly one (1) gallon, the legal limit for possession in a dry territory. The officers thoroughly searched appellant's house and premises and found one gallon of whiskey upon property belonging to the appellant.

The officers then searched the Municipal Airport property belonging to the City of Monticello which is adjacent to the home of appellant and in two caches found approximately 35 or 40 half pints of whiskey of various brands on the Municipal Airport property.

The record reveals that this case was first tried before a jury in the Circuit Court of Drew County on April 21, 1959. The jury after deliberating 2 hours and 35 minutes was deadlocked 7 to 5 and a mistrial was declared. The case was tried before another jury in the

Circuit Court of Drew County on September 30, 1959, and the jury deliberated approximately 35 minutes when they were released for the night. The next morning the jury deliberated approximately 1 hour and returned a verdict of guilty and assessed the minimum fines of $50 for the offense of Possessing Intoxicating Liquors over the legal limit in a dry territory and of $100 for the offense of Possessing Intoxicating Liquors for Sale without a license, or a total fine of $150. This appeal followed.

This being a misdemeanor case, the appellant is required to argue all the points on which he relies. All assignments not argued in his brief are waived. *Fields* v. *State,* 219 Ark. 373, 242 S. W. 2d 639. For reversal appellant relies upon and argues eight points, one of which contends that it was error for the trial court to allow the Judge of the Monticello Municipal Court to testify upon the trial in the Circuit Court since the appellant was tried by this witness in the Municipal Court and found guilty. This point gave us a great deal of concern; but the issue need not be decided as the appellant failed to properly save his exceptions. As was said by this Court in *Yarbrough* v. *State,* 206 Ark. 549, 176 S. W. 2d 702: "Appellant, in the instant case, has not been convicted of a capital offense. We are not permitted, therefore, to review alleged errors to which no exceptions have been saved." Thus, this point not being properly before the Court, we can find no error. Six of the other points were found to be without merit and will not here be discussed.

Appellant earnestly contends in his remaining point that:

"It was error for the trial court to allow the prosecuting attorney to attempt to impeach the credibility of the defendant by independent testimony as to matters brought out by the prosecuting attorney on his own cross examination."

The prosecuting attorney in an effort to impeach the testimony of the defendant and to question the credibility of his testimony cross examined the defendant exten-

sively concerning a second conviction of the defendant for a violation of the liquor laws in 1951 and questioned the defendant on cross examination as follows:

"By Mr. Linder: I want to ask you this question, Mr. Powell, I want to know if this second conviction is the time the man drove up in his car and you were sitting under a tree and he hollered, 'Bring me some Early Times', and you said, 'I don't have that I have Sunny Brook'.

"A. That is not what was said. He drove in and said Doctor Pepper and I knew what he was saying. I had seen him hide it the day before and I brought it on to him about that time I saw Youngblood."

The prosecuting attorney introduced two witnesses in rebuttal, Sheriff Jack Towler and Mr. Dallas Youngblood, to contradict this testimony of the defendant brought out by the prosecuting attorney on cross examination.

This Court has repeatedly held that when a witness is cross examined on a matter collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party asking the question. *Eddington* v. *State,* 225 Ark. 929, 286 S. W. 2d 473 (1956); *Brock* v. *State,* 101 Ark. 147, 141 S. W. 756 (1911); *Abbott* v. *Herron,* 90 Ark. 206, 118 S. W. 708 (1909); *Taylor* v. *McClintock,* 87 Ark. 243, 112 S. W. 405 (1908). See also: *Spence* v. *State,* 184 Ark. 139, 40 S. W. 2d 986 (1931); *Terrell* v. *State,* 176 Ark. 1206, 2 S. W. 2d 87 (1938).

It was held in *McAlister* v. *State,* 99 Ark. 604, 139 S. W. 684 (1911), that while it is proper to permit a witness to be asked as to specific acts affecting his credibility, yet if such matters are collateral to the issues, he cannot, as to his answer, be subsequently contradicted by the party putting the question, and where the State, to impeach a witness asked him concerning a collateral matter, and was then permitted to contradict his answer, this constituted prejudicial error. Following this well settled rule of law, we have no choice but to find that the trial court in allowing the testimony of Sheriff Jack Tower and Mr. Dallas Youngblood in rebuttal to be intro-

duced in evidence to contradict testimony brought out by the prosecuting attorney on cross examination committed reversible error.

For the error indicated the judgment is reversed and the cause is remanded for a new trial.