POWELL *v.* STATE.

4972 345 S. W. 2d 8

Opinion delivered April 10, 1961.

*Clifton Bond,* for appellant.

*J. Frank Holt,* Attorney General, for appellee.

GEORGE ROSE SMITH, J. On June 6, 1960, we handed down an opinion reversing the appellant's conviction for violations of the liquor laws and remanding the cause for a new trial. *Powell* v. *State,* 231 Ark. 737, 335 S. W. 2d 816. The judgment of reversal, as is usual in such cases, provided that the appellant should recover of the appellee "all his costs in this court." The case has not yet been retried. The appellant has filed a motion in this court asking (a) that our clerk be directed to issue a writ of execution against the State or against Drew county for the collection of the appellant's judgment for costs, and (b) that we modify our judgment by permitting the appellant to

recover his costs expended in the trial court as well as in this court.

Upon the first point it is plain that the appellant is not entitled to a writ of execution against the State, for such a coercive proceeding would amount to a suit against the State, which the constitution prohibits. Ark. Const., Art. 5, § 20; *Watson* v. *Dodge*, 187 Ark. 1055, 63 S. W. 2d 993. Nor is the appellant entitled to such a writ against the county. By statute the county is liable for the costs in an unsuccessful criminal prosecution, Ark. Stats. 1947, § 43-2406; but the statute also provides the method for its own enforcement: "In all cases where the county shall be liable to pay the costs and expenses in criminal cases, the circuit court for the county in which the case was tried, shall adjust the same, and cause the same to be certified to the county court." Ark. Stats., § 43-2408. The appellant is limited to the remedy given by the statute. *Grayson* v. *Arrington*, 225 Ark. 922, 286 S. W. 2d 501.

Upon the second point the established rule is that an appellant who wins a reversal and remand for a new trial is thereby entitled to recover only his appeal costs; liability for costs in the trial court must abide the final decision of the case. *DuVall* v. *Witt,* 196 Ark. 560, 118 S. W. 2d 851. The appellant argues that a different rule should prevail in criminal cases, but the situations are so essentially similar that they should both be governed by the same principle.

Motion denied.